Deanne PENROD, Maxine G. Kitchen, Don Sevey, Jack E. LaFollette, Truman O. Moore, and Linda R. Moore, Plaintiffs and Appellants,

v.

NU CREATION CREME, INC., a Utah corporation, George D'Ambrosio, Frank A. Nelson, Jr., and John Savas, Defendants and Respondents.

No. 18197.

Supreme Court of Utah.

Sept. 2, 1983.

John A. Snow, Jeffrey C. Collins, Salt Lake City, for plaintiffs and appellants.

Paul N. Cotro-Manes, Robert H. Henderson, Salt Lake City, for defendants and respondents.

STEWART, Justice:

This is an appeal from the trial court's dismissal of one of plaintiffs' claims for relief on the ground of res judicata. We reverse and remand.

In March 1981, plaintiffs in this action filed a complaint against the same defendants in the United States District Court for the District of Utah. The first claim for relief alleged was based on section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) (1976) (hereinafter "FTCA"), and the Federal Trade Commission's disclosure requirements concerning franchise and business opportunity ventures, 16 C.F.R. §§ 436.1 et seq. (1982). In addition, the complaint alleged four fraud claims founded on state law. On a motion to dismiss, the federal court held that the FTCA and FTC's regulations create no private right of action and dismissed the claim. Because there were no other claims founded on federal question jurisdiction, see 28 U.S.C. § 1331 (Supp. V 1981), and the state fraud claims were not therefore pendent to a valid federal claim, and because the federal court had no jurisdiction over the state claims based on diversity of citizenship, the court also dismissed the state claims for lack of jurisdiction.

Plaintiffs thereafter filed the instant action in the Third Judicial District Court. The complaint again alleged the same state common law fraud claims as had been alleged in the federal action. In addition, the plaintiffs' second claim for relief alleged negligent misrepresentation. It is this claim for relief that is the basis of this appeal. In alleging that defendant owed a legal duty to plaintiffs, plaintiffs in part relied upon the affirmative disclosure requirements contained in 16 C.F.R. §§ 436.1 et seq. (1982), and in part on state common law. The relevant portion of the complaint states:

> Said representations made to plaintiffs by [defendants] were made with knowledge that plaintiffs intended to rely thereon, and, by reason of the dealings and negotiations undertaken between the parties, the relationship created thereby, and the affirmative disclosure requirements contained with Title 16, *Code of Federal Regulations,* Section 436.1, Nu Creation and the agents thereof owed to plaintiffs *a duty of reasonable care to insure the truthfulness, accuracy and veracity of all statements and representations made to plaintiffs relative to said dealings and agreements.*

Defendants moved to dismiss the complaint on the grounds that the allegations of fraud were not set forth with the specificity required by Rule 9(b), Utah R.Civ.P., and that the second claim for relief was the same claim as the claim for relief which had been dismissed in the federal court for failure to state a valid federal claim for relief. Based on the prior federal court adjudication, defendants also asserted that the second claim for relief is barred by res judicata. The district court dismissed the second claim with prejudice and the fraud claims without prejudice, with leave to file an amended complaint. Appellants appeal the trial court's dismissal of the second claim for relief.

The doctrine of res judicata has two branches with somewhat different rules governing each branch, although both branches basically serve the important judi-

cial policy, among others, of preventing issues once litigated from being relitigated. 1B J. Moore, *Moore's Federal Practice* ¶ 405(1). One branch, claim preclusion, bars the relitigation by the parties or their privies of a claim for relief that was once litigated on the merits and resulted in a final judgment between the same parties or their privies. *Church v. Meadow Springs Ranch Corp.,* Utah, 659 P.2d 1045 (1983); *International Resources v. Dunfield,* Utah, 599 P.2d 515 (1979); *Krofcheck v. Downey State Bank,* Utah, 580 P.2d 243 (1974). The same rule also prevents relitigation of claims that could and should have been litigated in the prior action but were not. *Bradshaw v. Kershaw,* Utah, 627 P.2d 528 (1981); *Belliston v. Texaco, Inc.,* Utah, 521 P.2d 379 (1974); *National Finance Co. v. Daley,* 14 Utah 2d 263, 382 P.2d 405 (1963); *Wheadon v. Pearson,* 14 Utah 2d 45, 376 P.2d 946 (1962).

█ Collateral estoppel, or issue preclusion, prevents the relitigation of issues that have been once litigated and determined in another action even though the claims for relief in the two actions may be different. *Wilde v. Mid-Century Insurance Co.,* Utah, 635 P.2d 417 (1981); *Wheadon v. Pearson, supra; Searle Brothers v. Searle,* Utah, 588 P.2d 689 (1978); *see Lawlor v. National Screen Services Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955). *See generally* 1B J. Moore, *Moore's Federal Practice* ¶ 0.405 (1983).

Since a negligent misrepresentation claim was asserted in the prior federal court action, the dispositive issue in this case is whether that claim is now barred by the doctrine of claim preclusion, i.e., whether plaintiffs' second claim for relief was either litigated or could have been litigated in the federal court action.

The only issue in the present action that was in fact litigated and decided in the federal court was whether a private right of action exists under the FTCA. Plaintiffs contend that their reference to 16 C.F.R. §§ 436.1 *et seq.* (1982) in the complaint in the instant case was intended to "assist the Court in creating, establishing, and quanti-

fying the duty owed to appellants under its negligent misrepresentation theory" and did not reassert the cause of action which was predicated upon the FTCA and disposed of by the federal court. On the other hand, defendants urge that, as pleaded, plaintiffs have simply reasserted the same claim under the FTCA, and the regulations promulgated thereunder.

█ On a motion to dismiss, this Court is obliged to construe the complaint in the light most favorable to plaintiffs and to indulge all reasonable inferences in their favor. *E.g., King Brothers, Inc. v. Utah Dry Kiln Co.,* 13 Utah 2d 339, 374 P.2d 254 (1962). On the facts of this case, we apply the same rule. Although the second cause of action is somewhat ambiguously alleged, plaintiffs assert that they have alleged a claim for relief under state law that is different from the claim for relief asserted in the federal action. Taking a broad view of the pleading, we think that the reference to the FTCA regulations in the second claim for relief is superfluous, but is not inconsistent with the language that alleges a cause of action based on a theory of negligent misrepresentation. In alleging the existence of a duty on the part of the defendants, plaintiffs made reference to the business relationship that existed between the parties and the intended effect of the alleged misrepresentations, as well as to the FTCA regulations. If those regulations were indispensible to the validity of the claim, res judicata would bar that claim because of the federal court adjudication.

Since the second claim for relief alleges a different legal theory for recovery than the claim whose merits were ruled on by the federal court, the issue is whether the federal district court adjudication acts to bar that claim in this case even though the federal court did not rule on the merits of the common law claim of negligent misrepresentation.

Our opinion in *Belliston v. Texaco, Inc.,* Utah, 521 P.2d 379 (1974), is similar, but distinguishable. The state case was filed after a federal court action between the same parties in which the state law claim

could have been adjudicated but was not. The plaintiffs alleged a claim for relief under the Sherman Act, 15 U.S.C. §§ 1, 2 (1973), and one under the Robinson-Patman Act, 15 U.S.C. § 13(a) (1973), for unlawful price discrimination. Diversity of citizenship was not pleaded and subject matter jurisdiction was based solely on federal question jurisdiction. Plaintiff was awarded damages in the trial court on each count. The United States Court of Appeals reversed that part of the judgment based on price discrimination under the Robinson-Patman Act. The court held that the "in commerce" requirement of the Robinson-Patman Act had not been established. *Belliston v. Texaco, Inc.,* 455 F.2d 175 (10th Cir.1972).

Plaintiffs thereafter filed an action against the same defendant in state court to recover damages for unlawful price discrimination in violation of the State Unfair Practices Act, U.C.A., 1953, § 13–5–3(a). Since the federal district court had power under the doctrine of pendent jurisdiction to dispose of the state claim at the same time it adjudicated the federal claims because they were based on essentially the same operative facts, this Court held that the plaintiff was barred by res judicata from litigating the state claims in the state courts because they could have been litigated in the prior federal court action and a valid judgment entered irrespective of the ultimate disposition of the federal claims. *See Kerbow v. Kerbow,* 421 F.Supp. 1253 (D.Tex.1976); *McLearn v. Cowen & Co.,* 48 N.Y.2d 696, 422 N.Y.S.2d 60, 397 N.E.2d 750 (1979); *Pope v. City of Atlanta,* 240 Ga. 177, 240 S.E.2d 241 (1977).

The test for determining whether a state claim is pendent to a federal claim was stated by the Supreme Court in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):

Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority ...," U.S. Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." [Footnote omitted.] The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. [Citation.] The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole. [Footnote omitted, emphasis in original.]

*Id.* at 725, 86 S.Ct. at 1138.

■ The issue of the power of a federal court to adjudicate claims asserted to be pendent to a federal claim is ordinarily to be determined on the pleadings. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 727, 86 S.Ct. at 1139. In the first *Belliston* case, therefore, the federal court could have entertained the state law claim laid under the Utah price discrimination act because it was clear that it was a claim based on the same "common nucleus of operative fact" as the federal claims for relief. *United Mine Workers v. Gibbs, supra,* at 725, 86 S.Ct. at 1138.

■ However, if the federal claims are dismissed before a trial on the merits, even though those claims are not unsubstantial in a jurisdictional sense,[1] any pendent state claims must also be dismissed. *United Mine Workers v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139. *Ancarrow v. City of Rich-*

1. The issue of whether a private right of action exists under the FTCA is hardly a substantial question. The overwhelming weight of authority does not permit a private right of action under the FTCA. *See, e.g., Naylor v. Case and McGrath, Inc.,* 585 F.2d 557, 561 (2nd Cir. 1978); *Fulton v. Hecht,* 580 F.2d 1243, 1249 n. 2 (5th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979); *Alfred Dunhill Ltd. v. Interstate Cigar Co.,* 499 F.2d 232 (2d Cir.1974); *Carlson v. Coca Cola Co.,* 483 F.2d 279 (9th Cir.1973). .

*mond,* 600 F.2d 443 (4th Cir.1979); *Hodge v. Mountain States Tel. & Tel. Co.,* 555 F.2d 254 (9th Cir.1977). *Cf. Hagans v. Lavine,* 415 U.S. 528, 548–49, 94 S.Ct. 1372, 1385, 39 L.Ed.2d 577 (1974); *Rosado v. Wyman,* 397 U.S. 397, 403–405, 90 S.Ct. 1207, 1213–1214, 25 L.Ed.2d 442 (1970).

The federal court in the prior action between the parties to the instant action held, pursuant to a pretrial motion to dismiss, that no private right of action existed under the Federal Trade Commission Act. The issue was not dependent on a factual showing of jurisdiction made after a full trial on all the claims. It necessarily follows that the federal court had no jurisdiction to address or decide the state fraud claims, and accordingly that court dismissed them for lack of jurisdiction.

In short, the plaintiffs in this case did not litigate, and could not have litigated, their second cause of action in the federal court because that court had no subject matter jurisdiction. In *Belliston v. Texaco, Inc.,* 455 F.2d 175 (10th Cir.1972), on the other hand, the state claim could have been litigated in the trial court and a judgment on the merits of the state claim would have been valid. *United Mine Workers v. Gibbs, supra.*

Since the merits of the instant claim were not adjudicated, and could not have been adjudicated, in the federal court action, the doctrine of claim preclusion under res judicata does not bar assertion of the claim of negligent misrepresentation in the state courts.[2]

The judgment of the trial court dismissing plaintiffs' second cause of action is reversed and the case remanded for further proceedings. Costs to appellants.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.

---

**2.** We do not pass upon the question of whether, as alleged, the relationship between the parties is sufficient to give rise to a duty that will support an action based on negligent misrepresentation. The issue was not raised at the trial level nor on appeal.