**614**

**BIRI–NEWPORT, INC., Plaintiff and Appellant,**

v.

**Alfred LEIBER, Defendant and Respondent.**

No. 19171.

Supreme Court of Utah.

Sept. 9, 1985.

Richard K. Crandall, Snow, Christensen & Martineau, Salt Lake City, for defendant and respondent.

Robert B. Hansen, Salt Lake City, for plaintiff and appellant.

STEWART, Justice:

In May, 1974, the plaintiff Biri-Newport, which supplies chemicals to dry cleaners, contracted with the defendant Alfred Leiber dba Chemopharm Laboratories to manufacture the chemicals Biri-Newport supplied to its customers. Biri-Newport agreed in writing that the chemicals it purchased from Chemopharm were sold without warranty. In 1979, Chemopharm incorporated and in its incorporated form sued Biri-Newport. Biri-Newport counterclaimed for damages the chemicals had caused its customers and for which Biri-Newport was liable. Chemopharm Inc. was granted summary judgment on the counterclaim based on the pre-incorporation agreement that the goods were not warranted. Biri-Newport's appeal of that summary judgment was dismissed.

Prior to dismissal of the appeal on the counterclaim, Biri-Newport brought this action against Leiber, alleging causes of action which it admits are virtually identical to those it alleged in its earlier counterclaim. The only differences are that the alleged damage occurred during an earlier time period than the damage alleged in the counterclaim and that this action is against Leiber individually rather than against Chemopharm Inc. The trial court dismissed the action on res judicata grounds.

"Collateral estoppel, or issue preclusion, prevents the relitigation of issues that have been once litigated and determined in another action even though the claims for relief in the two actions may be different." *Penrod v. Nu Creation Creme, Inc.*, Utah, 669 P.2d 873, 875 (1983). Further, the doctrine of collateral estoppel or issue preclusion provides that a prior judgment bars relitigation of an issue that has actually been litigated by one who lost the issue in the prior case, even though the opposing parties are not the same in each case. *Nielson v. Droubay*, Utah, 652 P.2d 1293, 1296 (1982). According to these standards, Lieber properly asserted the judgment on the counterclaim against Biri-Newport.

The issue in this case was fully litigated under Biri-Newport's counterclaim in the action brought by Chemopharm. The issue is not materially different than the issue asserted by Biri-Newport in that counterclaim. That damage is claimed in this case for a different time period than in the counterclaim does not alter the factual issue. The agreement that the goods were not warranted applied to the earlier time period as well as the later.

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.