**COPPER STATE THRIFT AND LOAN,**
**Plaintiff and Appellant,**

v.

**Michael BRUNO, Defendant**
**and Respondent.**

**No. 860303–CA.**

Court of Appeals of Utah.

April 7, 1987.

Stanley S. Adams, Salt Lake City, for defendant and respondent.

Jeffrey M. Jones, Stephen K. Christensen, Nielsen & Senior, Salt Lake City, for plaintiff and appellant.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

BILLINGS, Judge:

Plaintiff Copper State Thrift and Loan ("Copper State") brought an action against Defendant Michael Bruno to recover on a promissory note. The district court granted summary judgment in favor of Bruno on grounds of collateral estoppel, which Copper State appeals. We affirm the district court.

On January 12, 1982, Michael Bruno and Stephen Bruno, father and son, executed as co-makers a $9,519.43 promissory note in favor of Copper State. The proceeds of the

note were to be used to purchase rubber for tire recapping, and the loan was secured by tire recapping equipment belonging to Stephen Bruno. Subsequently, Stephen Bruno filed bankruptcy under Chapter 11 of the federal bankruptcy law. 11 U.S.C. §§ 1101–1174 (1979).

In December, 1983, attorneys for Copper State were present at a Confirmation Hearing for the Plan of Reorganization. At this hearing, the bankruptcy court addressed the issue of whether Copper State's interest in the note had been satisfied. Attorneys for Copper State had an opportunity to present witnesses, pose objections and cross-examine the debtor. The bankruptcy court found an agreement between the debtor and Copper State to accept the collateral in full satisfaction of the promissory note. The bankruptcy court then entered an order confirming a plan of reorganization for the benefit of the debtor Stephen Bruno.

In January, 1984, Copper State requested the bankruptcy court to clarify its earlier ruling by stating that the claim was satisfied only with regard to debtor and not as to comaker Michael Bruno. The bankruptcy court, however, refused to do so and dismissed Copper State's motion with prejudice. No appeal was taken of the bankruptcy court's orders confirming the plan or denying Copper State's Motion to Clarify.

Copper State filed this action against comaker Michael Bruno in the Third Judicial District Court, seeking recovery on the note. On February 9, 1984, the district court granted summary judgment in favor of Michael Bruno on grounds of collateral estoppel.

I

Copper State appeals the district court's ruling that collateral estoppel bars its claim against Michael Bruno on the note. This Court reviews the trial court's conclusion of law for correctness. *Scharf v. BMG Corp.*, 700 P.2d 1068, 1070 (Utah 1985); *see, e.g., Betenson v. Call Auto & Equipment Sales, Inc.*, 645 P.2d 684, 686 (Utah 1982); *Automotive Manufacturers Warehouse, Inc. v. Service Auto Parts, Inc.*, 596 P.2d 1033, 1036 (Utah 1979).

The doctrine of res judicata has two related, but distinct branches. Both branches, however, have the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Penrod v. Nu Creation Creme, Inc.*, 669 P.2d 873, 874–75 (Utah 1983); *see generally Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–1443, 28 L.Ed.2d 788 (1971).

One branch, claim preclusion, bars the relitigation of a claim that previously has been fully litigated between the same parties. To invoke this branch of res judicata, both suits must involve the same parties or their privies and the same claim or cause of action. Furthermore, the first claim must have been litigated on the merits and must have resulted in a final judgment. *Penrod*, 669 P.2d at 875. In such a case, claim preclusion prevents relitigation not only of claims actually litigated in the first proceeding, but also claims which could and should have been litigated in the prior action, but were not raised. *Id.*

In contrast, collateral estoppel, or issue preclusion, involves a different cause of action and prevents relitigation of issues that have been once litigated. *Id.* The Utah Supreme Court has adopted the following test to determine if collateral estoppel applies:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4. Was the issue in the first case competently, fully, and fairly litigated?

*Searle Bros. v. Searle*, 588 P.2d 689, 691 (Utah 1978).

In the case before us, Michael Bruno was not a party to nor in privity with a party to the bankruptcy proceeding. This action therefore is barred, if at all, by issue preclusion or collateral estoppel, not by claim preclusion or res judicata.

Collateral estoppel requires that the factual issue decided in the prior action is the same factual issue presented in the second action. *Robertson v. Campbell*, 674 P.2d 1226, 1230 n. 1 (Utah 1983). Additionally, the issue actually litigated in the first suit must have been essential to the resolution of that suit. *Id.* at 1230.

The bankruptcy court determined that there was an agreement between the debtor and Copper State to accept the collateral in full satisfaction of the promissory note. Specifically, the court found:

[I]t appears from the only evidence before the court today that there was an agreement between the debtor and Copper State Thrift to accept the property in full satisfaction of the claim.

. . . . .

[Copper State Thrift & Loan] has collateral worth in excess of the claim of approximately $13,000.00 on a note and said property was previously abandoned by debtor in full satisfaction of this claim. No further claim exists on this note as it is deemed paid in full.

This factual determination was necessary to the court's order that Stephen Bruno's obligation was satisfied. Thus, the first requirement of collateral estoppel is satisfied.

The second element of collateral estoppel requires that the first action result in a final judgment on the merits. An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a federal district court. *Levy v. Cohen*, 19 Cal.3d 165, 137 Cal.Rptr. 162, 166, 561 P.2d 252, 256 (1977). A judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of

rendition. *Id.; see also Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

Copper State contends that at the time of the state court's entry of summary judgment on February 9, 1984, no final order had been entered in the bankruptcy court. Rather, the plan of reorganization was merely a proposed plan, with final approval contingent on the debtor's making several amendments to the plan. The Order Confirming Plan of Reorganization entered by the bankruptcy court on January 9, 1984, expressly states:

16. The Court further finds that the modifications as proposed by the Debtor in open court at the Confirmation Hearing are in the best interest of all creditors and that further disclosure and confirmation hearings and notice are not necessary. Those amendments are set forth in the amended Plan filed with the Court on December 22, 1983.

Contrary to Copper State's contentions, the record indicates that the Order Confirming Plan of Reorganization was final, and that further hearings regarding the plan were not necessary the plan's finality. Thus, when the state district court dismissed Copper State's complaint on February 9, 1984, there was the equivalent of a final judgment on the merits duly entered by the bankruptcy court.

Collateral estoppel requires that the party *against whom* the doctrine is asserted was a party or in privity with a party to the prior adjudication. Proceedings in bankruptcy are proceedings *in rem* and all persons concerned, including creditors, are deemed to be parties to the proceedings. *Levy*, 137 Cal.Rptr. at 166, 561 P.2d at 256. It is undisputed that Copper State, the party against whom collateral estoppel is asserted, was a creditor of Stephen Bruno's and a party to Stephen Bruno's bankruptcy proceeding.[1]

1. Copper State also contends that the bankruptcy court did not have jurisdiction over co-maker Michael Bruno and therefore could not properly release his obligation under the note. This argument misses the mark. The bankruptcy court had jurisdiction over both Stephen Bruno, as

 The final element of collateral estoppel requires that the issue was competently, fully, and fairly litigated in the first forum. This element stems from fundamental due process and requires that litigants have their day in court. *See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–1443, 28 L.Ed.2d 788 (1971). For purposes of due process, the parties must receive notice reasonably calculated, under all the circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Worrall v. Ogden City Fire Dept.*, 616 P.2d 598, 601–02 (Utah 1980).

Copper State contends that the fundamental requirements of due process were not met in this case. Copper State claims it was given inadequate notice of the bankruptcy reorganization hearing and had inadequate incentive to litigate the claim.

Contrary to Copper State's contentions, however, the record demonstrates Copper State was given adequate notice as it was present at the hearing and had an opportunity to fully and fairly litigate the issue of whether the collateral was given in full satisfaction of the promissory note. The extent of Copper State's involvement in the bankruptcy proceeding is clear on the record. On the 19th day of December, 1983, attorneys for Copper State filed an Objection to Confirmation of Plan of Reorganization. Furthermore, Copper State was present at the confirmation hearing, at which time the bankruptcy court expressly addressed Copper State's objections to the plan. The court noted:

> With reference to the objection of Copper State Thrift and Loan, the objection is well taken in that there is an improper classification. That classification can be remedied, however, by amending Class 10 to show Copper State Thrift as Class

10d and Copper State Leasing as the other three classes, 10a, 10b, and 10c. *The other objections I don't believe are well taken in that it appears from the only evidence before the court today that there was an agreement between the debtor and Copper State Thrift to accept the property in full satisfaction of the claim.* (Emphasis added.)

Copper State fully participated in the confirmation hearing and had an opportunity to present witnesses on its behalf. Copper State cross-examined the debtor extensively as to the existence of an agreement between debtor and Copper State to accept the collateral in full satisfaction of the note. Furthermore, Copper State took the initiative to have the precise issue of the co-maker's liability specifically addressed by the bankruptcy court when it filed its Motion for Order of Clarification, which Motion was denied with prejudice. The notice which Copper State received was sufficient to apprise Copper State of the action and afforded Copper State an opportunity to present its objections and arguments, which it in fact did.

Copper State's next contention, that it had inadequate incentive to litigate the claim, is without merit. Certainly Copper State had incentive to oppose a finding that it agreed to accept the collateral in full satisfaction of the note. A defense of inadequate incentive is not applicable to the facts before us. *See* 1B *Moore's Federal Practice*, Para. 0.441 [3.–3] (1983). Thus, the final element of collateral estoppel, that the issue be fully and fairly litigated, is satisfied.

 In the present action, therefore, Copper State is properly bound by the bankruptcy court's determination that it agreed to accept the collateral in full satisfaction of the note. This identical issue was fully and fairly litigated in the bankruptcy proceeding in which Copper State was a party, and resulted in a final judg-

debtor, and Copper State as creditor. Moreover, the note and the collateral securing it were directly involved in the lawsuit as an asset of the bankruptcy estate. It was not necessary for the bankruptcy court to have jurisdiction over

Michael Bruno to make the factual finding that the obligation on the note was satisfied in full. *See In re A.J. Mackay Co.*, 50 B.R. 756, 761 (D.Utah 1985).

ment on the merits. The state trial court correctly held the doctrine of collateral estoppel bars Copper State from pursuing its claim against Michael Bruno on the note.

## II

 Copper State raises several issues relating to the validity and propriety of the bankruptcy court's order in the first instance. It is a fundamental principle of res judicata that for a judgment to be valid, it need not be free from error. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *see* 1B *Moore's Federal Practice*, Para. 0.405[4] (1983). Appropriate appeal of these issues would have been to the Federal District Court, and are outside the scope of our review.

Affirmed. Costs to Respondent.

GREENWOOD and ORME, JJ., concur.