**Betty Verdell BERRY, Plaintiff and Appellant,**

v.

**Lewis Dale BERRY, Wallace Berry, and Rial Berry, dba Berry Brothers' Farms, a partnership, Defendants and Respondents.**

No. 860014–CA.

Court of Appeals of Utah.

June 8, 1987.

Richard B. Johnson, Howard, Lewis & Petersen, Provo, for plaintiff and appellant.

John B. Maycock, Hansen, Jones, Maycock & Leta, Salt Lake City, for defendants and respondents.

OPINION

Before GARFF, JACKSON and BILLINGS, JJ.

GARFF, Judge:

In March 1980, Lewis and Betty Berry were divorced. The trial court awarded appellant Betty one-half of respondent Lewis' one-third partnership interest in Berry Brothers' Farms, a family partnership operated as such since 1957. The court valued this one-half portion of the partnership interest at $42,000, and allowed Lewis, at his option, to repurchase that interest in monthly payments over ten years at 12 percent interest. Shortly after the divorce decree was entered, Betty moved for an amended decree, which was entered on May 20, 1980. It granted Betty a money judgment of $42,000 for one-half of the one-third interest in Berry Brothers' Farms, with an option to Lewis to pay this amount over a ten year period at 12 percent interest. In *Berry v. Berry*, 635 P.2d 68, 70 (Utah 1981), the Supreme Court reversed this amended decree, holding that because of the defendant's financial condition, "it is inequitable to award the plaintiff a judgment against the defendant for the value of the fractional partnership interest awarded to her, and that it is also inequitable to require him to purchase her interest on the terms imposed by the trial court."

The Supreme Court also stated:

Plaintiff suggests that the judgment and order of purchase imposed on the defendant should not create a hardship because he may be able to persuade the other partners to sever the real property of the partnership which consists of approximately 1100 acres of land, and sell the severed portion to satisfy the plaintiff's interest. We commend that suggestion to the defendant but cannot impose it upon him as an obligation inasmuch as under our partnership laws, § 48–1–22(2)(b) and (c), U.C.A. 1953, neither plaintiff nor defendant can force a sale of specific partnership property.

*Id.* at 70.

Betty attempted, a second time, to force liquidation in August 1981, when she moved to modify the decree, requesting the court to award a money judgment in the property of the family partnership or liquidate the partnership assets of the defendant's one-third interest. The trial court found no change of circumstances and refused to liquidate the partnership assets or enter a money judgment.

Betty brought this third independent action in July 1983, against Lewis, his partners Wallace and Rial Berry, and their partnership, Berry Brothers' Farms. The action was brought to enforce the divorce decree in which Betty was awarded the undivided one-half of one-third interest in the partnership. She pursued this action under the Utah Uniform Partnership Act in an attempt to force liquidation of the partnership assets by severing the real property of the partnership.

The trial court dismissed this complaint on the grounds that jurisdiction over plaintiff's interest in the partnership continued in the divorce court. Plaintiff appeals this judgment. We affirm the trial court decision but for different reasons.

The Utah Supreme Court, in *Allphin Realty, Inc. v. Sine*, 595 P.2d 860, 861 (Utah 1979), stated that "[u]nder the rules of appellate review, we affirm the trial court if we can do so on any proper ground even if the court below assigned an incorrect reason for its ruling." Therefore, even though the court dismissed this complaint on jurisdictional grounds, we may affirm its dismissal on other grounds.

Because this is plaintiff's third action under the same divorce decree regarding distribution of partnership assets, the threshold issue in this case is whether this action is barred by res judicata.

The doctrine of res judicata has two branches which serve the important judicial policy of preventing issues once litigated from being relitigated. One branch, claim preclusion, bars the relitigation, by the parties or their privies, of a claim for relief that was once litigated on the merits and resulted in a final judgment between the same parties or their privies. It also prevents relitigation of claims that could and should have been litigated in the prior action but were not. The second branch, collateral estoppel or issue preclusion, prevents the relitigation of issues that have

been once litigated and determined in another action even though the claims for relief in the two actions may be different. *Penrod v. Nu Creation Creme, Inc.,* 669 P.2d 873, 874–75 (Utah 1983). Collateral estoppel is the appropriate branch to apply in the instant case because appellant is claiming relief under the Uniform Partnership Act rather than under the divorce decree as she did previously, and because different, additional parties are involved. However, the basic issue, the distribution of partnership assets, remains the same.

In *Searle Brothers v. Searle,* 588 P.2d 689, 691 (Utah 1978) and in *Copper State Thrift & Loan v. Bruno,* 735 P.2d 387, 389 (Utah App.1987), the following test was used to determine if collateral estoppel applies:

(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question?

(2) Was there a final judgment on the merits?

(3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

(4) Was the issue in the first case completely, fully, and fairly litigated?

If any of these four elements is not satisfied, then summary judgment based on the doctrine of collateral estoppel is not available.

## I

*Was the issue decided in the prior adjudication identical with the one presented in the action in question?* Copper State Thrift, 735 P.2d at 390, requires that the factual issue decided in the prior action be the same factual issue presented in the second action. As stated in *Robertson v. Campbell,* 674 P.2d 1226, 1230 (Utah 1983), what is critical is whether the issue that was actually litigated in the first suit was essential to resolution of that suit and is the same factual issue as that raised in the second suit. In reaching this determination, *Robertson* cited *Pickeral v. Federal*

*Land Bank,* 177 Va. 743, 15 S.E.2d 82, 85 (1941), which states:

[i]f an issue presented in a subsequent suit between the same parties or their privies is shown to have been determined in a former one, the question is res judicata [or collateral estoppel], although the actions are based on different grounds, or tried on different theories, or are instituted for different purposes and seek different relief.

Additionally, the commentator to the Second Restatement of Judgments asserts that:

[h]aving been defeated on the merits in one action, a plaintiff sometimes attempts another action seeking the same or approximately the same relief but adducing a different substantive law premise or ground. This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions, and accordingly the second action should be held barred.

Restatement (Second) of Judgments § 25 comment d (1982).

In *Berry v. Berry,* 635 P.2d at 69, the Utah Supreme Court reviewed the original divorce decree and the subsequent amended decree, finding that the trial judge abused his discretion because he was endeavoring to create a market for appellant's interest in the partnership by requiring the respondent to purchase it, when the respondent's financial condition would not permit such a purchase.

Plainly, appellant was trying to force a dissolution of the partnership or to sever part of the property of the partnership to recover her share of the partnership interest. The Supreme Court addressed this issue by stating that neither appellant nor respondent could force the sale of specific partnership property. *Id.* at 70.

In the present appeal, the issues are the same, the facts are the same, and the evidence is the same as in the previous litigation. A mere change in the legal theory asserted will not avoid the preclusive effect of the first judgment.[1] "The authorities

1. Restatement (Second) of Judgments, § 24(1) (1982) states that the claim extinguished by the

agree that when the same evidence supports both the present and the former causes of action, the two causes of action are identical." *Round Hill General Improvements District v. B–Neva, Inc.*, 96 Nev. 181, 606 P.2d 176, 178 (1980). The fact that, in the instant case, one action was a divorce matter and the other a request for dissolution of a partnership is immaterial.

## II

*Was there a final judgment on the merits?* A judgment or order is final for purposes of collateral estoppel until reversed on appeal, modified, or set aside in the court of rendition. *Copper State Thrift,* 735 P.2d at 390; *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). In the divorce action, the Supreme Court's reversal of the trial court order requiring respondent to purchase appellant's portion of the partnership interest precluded a forced sale of the property. This constituted a final judgment on the merits for purposes of collateral estoppel.

## III

*Was the party against whom collateral estoppel is asserted a party or in privity with a party to the prior adjudication?* In this case, Lewis Berry, a party to the prior action, and his uncles and the partnership, non-parties to the prior action, are asserting collateral estoppel against the appellant, Betty Berry, who has previously been defeated in litigating substantially the same issue.

In *Robertson,* 674 P.2d at 1230, the Supreme Court stated it was not necessary that the parties who assert collateral estoppel against one who lost the issue in a prior case were also parties in the first action. Furthermore, collateral estoppel may be invoked by either the plaintiff or defendant in a subsequent action, regardless of whether the prior suit was in equity and a subsequent suit at law. *Food for Health*

first judgment "includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or

*Company v. 3839 Joint Venture,* 129 Ariz. 103, 628 P.2d 986, 990 (1981) clarifies the issue further by stating that the defensive use of collateral estoppel, used to preclude relitigation of a claim, occurs when a party *defending* a claim attempts to assert a previous judgment, to which it was not a party, against an opponent who was a party. In effect, once a party has had his day in court and loses, he does not get a second chance, against a different party, on the same claim. *See also Blonder-Tongue Labs v. University Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). That Betty Berry has joined additional parties, namely the partnership and the other partners, is immaterial. She has had her day in court. Therefore, this requirement is met for finding the doctrine of collateral estoppel applicable.

## IV

*Was the issue in the first case competently, fully, and fairly litigated?* This court, in *Copper State Thrift & Loan,* 735 P.2d at 391, stated that

[t]his element stems from fundamental due process and requires that litigants have their day in court.... For purposes of due process, the parties must receive notice reasonably calculated, under all the circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections.

The parties, and especially the appellant, have had their day in court on the distribution of the partnership property. The record indicates that parties have had fair notice of the previous action and an opportunity to appear before the appropriate tribunals, including the Utah Supreme Court, to present their arguments. If appellant failed to fully raise her arguments under the Uniform Partnership Act before the trial court and the Supreme Court, it was not because she did not have opportunity to

series of connected transactions out of which the action rose."

do so. There has been no violation of due process in this case.

Because the four requirements for determining if collateral estoppel applies are met by the facts of this case, we find, consistent with the judicial policy of preventing relitigation of the same issue by the parties or their privies, that appellant's action is barred. Because this is a threshold issue, we do not reach the merits of appellant's other points on appeal.

The judgment of the trial court is affirmed.

BILLINGS and JACKSON, JJ., concur.