**Shirley D. CARAS, Plaintiff,**

v.

**FAMILY FIRST CREDIT UNION, et al., Defendants.**

**Civ. No. 87–C–831A.**

United States District Court,
D. Utah, C.D.

July 11, 1988.

587

L. Zane Gill, and Ann Wise, Salt Lake City, Utah, for plaintiff.

J. Michael Hansen, Salt Lake City, Utah, for Family First Credit Union.

Lewis B. Quigley, Salt Lake City, Utah, for Brooke and Whaley.

## I. BACKGROUND

ALDON J. ANDERSON, Senior District Judge.

In the above matter, plaintiff Shirley D. Caras has filed suit under Title VII and various state statutes claiming she was unlawfully discharged from her employment at Family First Credit Union. Plaintiff's complaint alleges that defendant Family First Credit Union unlawfully terminated her by discriminating on the bases of her age under the Age Discrimination in Employment Act, and her sex under Title VII; that defendants also breached an employment contract, breached the implied covenant of good faith and fair dealing, and violated public policy by wrongfully terminating her.

Plaintiff filed a claim for unemployment compensation with the Utah Department of Employment Security shortly after her termination. A hearing was held June 17 and July 1, 1985, before Administrative Law Judge Donald H. Hansen of the Department of Employment Security of the Industrial Commission of Utah for the purpose of determining plaintiff's right to receive unemployment benefits. Two of the parties involved in this lawsuit, Monroe Whaley and David Brooke, were not parties to the administrative hearing. The time involved in receiving testimony and argument was approximately two and one-half hours. The administrative law judge affirmed the Employment Security Department's decision allowing unemployment insurance benefits to the plaintiff and issued a written opinion with findings of fact and conclusions of law. His decision did not reach the issues of employment discrimination, age discrimination, sex discrimination, and breach of contract.

The plaintiff seeks partial summary judgment that the factual findings determined in the administrative hearing should be accorded preclusive effect under the doctrine of collateral estoppel. The administrative law judge's factual findings consisted of a determination that in circumstances where a credit union member familiar to the Credit Union staff was accompanied by a man who was represented to be

her husband, Credit Union employees were not required to demand those individuals to produce written identification prior to the witnessing of their signatures. Plaintiff contends that collateral estoppel bars defendants' "relitigation" of this administrative factual finding.

This finding is a potentially critical issue for both plaintiff and defendants since defendants contend that plaintiff was terminated in part because she violated credit union policy in the execution of loan documents.

Defendants argue that the administrative law judge's factual findings should not be accorded preclusive effect to the Title VII claim because Congress has specifically guaranteed a federal forum and trial de novo on Title VII claim proceedings. Defendants also argue that the administrative factual findings do not have any preclusive effect as to the pendent state claims because the findings do not meet the judicial formulated test for the application of collateral estoppel. Defendants contend that collateral estoppel does not apply because: 1) the factual and legal issues before the administrative law judge are not the same as those before this court; and 2) the factual issues now before this Court were never fully and fairly litigated in the hearing of the Department of Employment Security.

## II. APPLICATION OF COLLATERAL ESTOPPEL

The majority of jurisdictions, including Utah, have used the following four part test to determine if collateral estoppel applies:

(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question?

(2) Was there a final judgment on the merits?

(3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

(4) Was the issue in the first case completely, fully, and fairly litigated.

*See e.g. Berry v. Berry,* 738 P.2d 246, 248 (Ut.App.1987); *Searle v. Searle,* 588 P.2d 689, 691 (Utah 1978). If any one of the four elements is not satisfied, then summary judgment based on the doctrine of collateral estoppel is not available. *Berry v. Berry, supra,* 738 P.2d at 248.

When a state administrative agency acts in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts. *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed. 635 (1986). *See also United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Consequently, if the administrative agency's decision meets Utah's test for the determination of collateral estoppel under *Searle v. Searle, supra,* then this court should also give the decision collateral estoppel effect.

The United States Supreme Court has recently addressed the application of collateral estoppel to administrative decisions on causes of action brought under Title VII. In *University of Tennessee v. Elliott, supra,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed. 635, the Supreme Court held that judicially unreviewed findings of state administrative agencies do not have preclusive effect on Title VII claims. *Id.* at 3225. The court concluded that its previous decisions strongly support the contention that Congress intended a plaintiff to have a trial de novo on Title VII claims when the claimant goes into federal court. *Id.* The Court cites the decision of *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed. 2d 416 (1976), which, after reviewing the language of Title VII and the history of the 1972 amendments to the statute, concluded:

The legislative history of the 1972 amendments reinforces the plain meaning of the statute and confirms that Congress intended to accord federal employees the same right to a trial de novo [following administrative hearings] as is enjoyed by private-sector employees and employees of state governments and political subdivisions under the amended

Civil Rights Act of 1964. *Id.* at 848, 96 S.Ct., at 1953.

*University of Tennessee v. Elliott, supra,* 478 U.S. 788, 106 S.Ct. at 3225, 92 L.Ed. 635.

■ In the instant case, plaintiff's unemployment compensation hearing was not subsequently reviewed by a state or federal court. Thus, under *University of Tennessee,* the administrative decision can not be given any preclusive effect as to the Title VII claim even if it met the requirements for collateral estoppel, since Congress has guaranteed a federal forum in Title VII cases.

■ The question that remains is whether the administrative factual findings should be accorded any collateral estoppel effect as to the pendent state claims. As discussed *supra,* collateral estoppel will apply as to the state claims only if the administrative hearing meets the four prong test outlined in *Searle v. Searle, supra.* The administrative decision fails to meet two prongs of the four-prong collateral estoppel test: (1) The issue decided in the administrative hearing is not identical to the ones presented in the district court action; and (2) The issue in the hearing was not completely, fully, and fairly litigated.

First, The issue decided in the administrative hearing was not identical with the one presented in the instant case. The issue the administrative law judge was called upon to decide was whether the plaintiff was discharged for reasons other than just cause or misconduct as defined by the Utah Employment Security Act, Utah Code Ann. § 35–4–1 *et seq.,* thus making her eligible for unemployment benefits. The administrative law judge's analysis was based on whether the plaintiff met the statutory threshold for receipt of unemployment benefits. This determination is quite different from what the district court is called upon to decide. In the district court, the issues to be determined are: 1) whether plaintiff's termination was a violation of her rights under the Age Discrimination in Employment Act, based on Title VII; 2) whether defendants breached an employment contract; 3) whether defend-

ants breached the implied covenant of good faith and fair dealing; and 4) whether her termination violated public policy.

In a case strikingly similar to the case at bar, *Johnson v. University of Wisconsin–Milwaukee,* 783 F.2d 59 (7th Cir.1986), a former university employee brought an age discrimination action against the University of Wisconsin–Milwaukee. The plaintiff argued that the factual findings of a state unemployment compensation proceeding had preclusive effect in the district court action. *Id.* at 60–61. The district court rejected this argument, saying:

> [t]he issue decided by [the administrative proceeding] and the issue in this age discrimination suit are not identical. The issue in the case at bar is whether defendant had a legitimate business reason for terminating the plaintiff. The issue before the ... appeal tribunal and decided by him was whether the plaintiff was discharged for misconduct connected with her employment within the meaning of the Wisconsin [statute].

*Id.* at 62.

Consistent with *Johnson,* this court finds that the issues involved in the administrative proceeding and in the instant case are not identical. Therefore, the factual findings in the administrative hearing will have no preclusive effect in this case.

Second, there will be no collateral estoppel effect unless the parties have been "afforded a full and fair opportunity to litigate" in the state administrative proceeding. *University of Tennessee v. Elliott, supra,* 478 U.S. 788, 106 S.Ct. at 3227, 92 L.Ed. 635. Despite plaintiff's contentions, the issues sought to be precluded were not completely, fully and fairly litigated. The administrative hearing occurred approximately two months after the plaintiff's termination and lasted no more than two and one-half hours. It was established for the limited purpose of determining the plaintiff's eligibility for unemployment compensation. This expeditious procedure left insufficient time to effectively gather relevant information on the issues and facts the plaintiff seeks to have preclusive effect. Witnesses that could contribute to

the fact-finding process did not testify and were not part of the administrative hearing. There was inadequate opportunity for the parties to litigate, as no discovery was allowed on either the discrimination and breach of contract claims. Moreover, the defendants did not have an incentive to fully and fairly litigate the issue, as the only adverse effects to the defendants would be payment of unemployment compensation, a minimal amount compared to the amount in controversy in this case. As stated in *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1284 (9th Cir. 1986):

> [The] incentive to litigate an unemployment benefits claim is generally much less than [the] incentive to litigate a discrimination claim where generally the stakes are much higher. When the amount in controversy in the first action is much less than the amount in controversy at the second, preclusion would be unfair. *Restatement (Second) of Judgment § 28(5) comment (j).*

*See also Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 330, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979).

. Thus, collateral estoppel cannot apply in this case because the parties did not have a full and fair opportunity to litigate in the administrative proceeding.

### III. CONCLUSION

Since Congress has determined that administrative decisions not reviewed by a court can have no preclusive effect as to Title VII claims, plaintiff's motion for partial summary judgment is denied as to her Title VII claim.

As to the state pendent law claims, the administrative decision fails to meet two prongs of the four-prong collateral estoppel test. First, the issue decided in the administrative hearing is not identical to the ones presented in the district court action. Second, the issue in the hearing was not completely, fully, and fairly litigated. Therefore, plaintiff's motion for partial summary

judgment as to the state claims is also denied.