944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 WEBER MEMORIAL CARE CENTER, INC., Plaintiff-Appellant,
v.
STATE OF UTAH, DEPARTMENT OF HEALTH, Michael Stapley, Acting
Director, Department of Health, in his official
capacity, Defendants-Appellees.
 No. 90-4204.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 18, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Weber Memorial Care Center ("Weber") appeals a district court order adopting the report and recommendation of a United States magistrate and holding that Weber's claims are barred by the doctrine of res judicata. On appeal, Weber argues that the doctrine of res judicata should not apply because Weber did not receive a full and fair opportunity to litigate its claims in Utah state courts. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 In its federal court complaint, Weber asserts three causes of action. First, Weber asserts that the State of Utah's medical assistance program violates federal law--namely 42 U.S.C. § 1396a and 42 C.F.R. §§ 442.250, 447.252. Second, Weber asserts a breach of a contract between Weber and defendant State of Utah Department of Health relating to Weber's participation in the state's medical assistance program. Third, Weber alleges defendants have violated 42 U.S.C. § 1983 by denying Weber constitutional due process and federal statutory rights.
 
 
 4
 We apply a de novo standard in reviewing whether the district court properly applied the doctrine of res judicata. May v. Parker-Abbott Transfer & Storage, Inc., 899 F.2d 1007, 1009 (10th Cir.1990).
 
 
 5
 The federal Full Faith and Credit Statute, 28 U.S.C. § 1738, is based on the sixth amendment's Full Faith and Credit Clause and provides that a state's "judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Therefore, we must look to Utah law to determine whether Weber's claims are barred by preclusion principles.
 
 
 6
 In Utah, the doctrine of res judicata is comprised of two branches: claim preclusion and collateral estoppel (issue preclusion). Penrod v. Nu Creation Creme, Inc., 669 P.2d 873, 874-75 (Utah 1983); Smith v. Smith, 793 P.2d 407, 409 (Utah App.1990). Here, we are concerned with claim preclusion. Under Utah law, the rule of claim preclusion bars relitigation of claims for relief that were "once litigated on the merits and resulted in a final judgment between the same parties." Penrod, 669 P.2d at 875. The rule "also prevents relitigation of claims that could have and should have been litigated in the prior action but were not." Id. In this case, Utah preclusion principles would bar relitigation of Weber's first and second causes of action. Weber's first claim, which alleges the State of Utah's medical assistance program violates federal law, was previously litigated on the merits and resulted in a final judgment at both the state administrative agency and in state district court. The state court of appeals then affirmed the district court's holding. The second claim--for breach of contract--could have and should have been litigated in the same action. Because Utah law would preclude relitigation of these claims, we hold that these claims are barred under the federal Full Faith and Credit Statute.
 
 
 7
 The Supreme Court has recognized several exceptions to the rule that federal courts should give preclusive effect to state court judgments. Weber asserts that, pursuant to Kremer v. Chemical Construction Co., Inc., 456 U.S. 461 (1982), we should not give preclusive effect to the Utah state court judgment because those proceedings did not afford Weber a full and fair opportunity to litigate the claims asserted there. After reviewing the record of the state court proceedings, we conclude that Weber fully and fairly litigated its claim that Utah's medical assistance program violates federal law. We also hold that no other exceptions to the general rule of preclusion warrant relitigation of the claim in federal court.
 
 
 8
 Having determined that Weber's claims were fully and fairly litigated in state court, we also hold that Weber's section 1983 claim is without merit.
 
 
 9
 Accordingly we AFFIRM the district court's dismissal of the action. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3