**Dean A. MACKINTOSH, Plaintiff and Appellant,**

v.

**John R. HAMPSHIRE and Gary L. Machan, Defendants and Appellees.**

**No. 900536–CA.**

Court of Appeals of Utah.

May 28, 1992.

Rehearing Denied June 23, 1992.

---

David M. Wahlquist (argued), Blake T. Ostler, Kirton, McConkie & Poelman, Salt Lake City, for plaintiff and appellant.

Daniel L. Berman, Scott M. Lilja (argued), Morris O. Haggerty, Berman & O'Rorke, Salt Lake City, for defendants and appellees.

Before BILLINGS, GARFF and JACKSON, JJ.

OPINION

JACKSON, Judge:

Dean A. Mackintosh appeals a summary judgment dismissing his contractual and equitable claims against John R. Hampshire and Gary L. Machan. The trial court ruled that Mackintosh's claims were barred by collateral estoppel and the Statute of Frauds. We reverse and remand for trial.

FACTUAL BACKGROUND

The parties had an ongoing relationship in various real estate development projects. Each year the parties would meet and set down some type of bonus structure to compensate Mackintosh for his services. Mackintosh's compensation would consist of either cash or he could convert that cash into equity in a project. The parties would not determine the form of Mackintosh's compensation until the projects ran their course to some logical economic conclusion. The nature of the ultimate disposition by Machan and Hampshire, i.e., sale, exchange, transfer, incorporation, partnership, etc., would determine the manner, method or form of payment to compensate Mackintosh for his contribution.

At the end of 1981, the parties reviewed pending and upcoming projects in which Mackintosh participated. A written memorandum of their discussion shows:

```
Dean  – 1981–82   Salary/Bonus
        1981 –     1%  mini storage
        1982 –     1%  Silver cliff
                   2%  Diagonal
                  10%  of MH Properties interest
                       Brickyard
                   2%  Cottonwood Tower (not
                       incl preland sale)
                  10%  of Corporation
Future developments 10% of MH Properties interest.
```

On February 12, 1982, Mackintosh obtained a construction loan commitment of $5.5 million from Rainier Mortgage Company to MH Properties, a general partnership, consisting of Gary L. Machan and John R. Hampshire, for the "Brickyard office building" to be built in Salt Lake City, Utah. Paragraph Six of the commitment provided:

Guaranty. The note shall be unconditionally guaranteed by Dean A. Mackintosh in such form as we may require.

The acceptance was signed by "Gary L. Machan, Partner," "John R. Hampshire, Partner," and "Dean R. Mackintosh." Mackintosh signed an "Unconditional Guarantee" for the Rainier loan on September 17, 1982. Machan and Hampshire or entities they controlled utilized the proceeds of the Rainier loan for improvements to the Brickyard tract. The property was sold to third parties for $10,400,000 on about March 26, 1985. Mackintosh asserts that Machan and Hampshire received the use and benefit of a net profit of $2,820,520 and that they should deliver compensation to him in an amount equal to ten percent of their profit. Mackintosh states that Machan and Hampshire delivered to him the designated percentage or equivalent compensation for most of the items listed in the memorandum. For example, he states that they delivered to him a certificate of stock for 1.38 shares in Machan Hampshire Properties, Inc., a corporation, regarding the separate item "10% of corporation." Machan further states he did not receive the ten percent from the Brickyard project which is the subject of this action, the one

percent in Silver Cliff which never materialized, and the two percent in Cottonwood Tower which was sold before development.

## ISSUE

Mackintosh's amended complaint asserted a contractual claim against Machan and Hampshire, individually, for a "10% interest in net proceeds from sale of property [Brickyard tract]." He further claimed that they should be estopped to deny his ten percent of the profit and that they would be unjustly enriched to retain proceeds attributable to his ten percent interest in the transaction.

Machan and Hampshire's answer to the amended complaint specifically denied "that they had an agreement with [Mackintosh]." Further, they pleaded affirmative defenses of collateral estoppel and the Statute of Frauds. On their motion for summary judgment, the trial court ruled that all of Mackintosh's claims were barred by the doctrine of collateral estoppel and, if not, his claims were barred by the Statute of Frauds. Mackintosh appeals the trial court's grant of summary judgment.

## STANDARD OF REVIEW

■ On appeal, we review each of the trial court's legal conclusions in turn. The Machan/Hampshire motion for summary judgment asserts that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. *See* Utah R.Civ.P. 56. On review of a summary judgment, we consider the evidence in the light most favorable to the losing party. *Culp Constr. Co. v. Buildmart Mall,* 795 P.2d 650, 651 (Utah 1990); *Owens v. Garfield,* 784 P.2d 1187, 1188 (Utah 1989). Summary judgment presents for review only questions of law. We accord conclusions of law no particular deference, but review them for correctness. *CECO Corp. v. Concrete Specialists,* 772 P.2d 967, 969 (Utah 1989). In deciding whether the trial court properly granted judgment to the prevailing party, we give no defer-

ence to the trial court's view of the law; we review it for correctness. *Ron Case Roofing & Asphalt Paving, Inc. v. Blomquist,* 773 P.2d 1382, 1385 (Utah 1989).

## COLLATERAL ESTOPPEL

■ In a prior suit, Brickyard Office Associates, a Utah limited partnership, sued Mackintosh to quiet title to the Brickyard tract and for slander of title. Mackintosh had filed a "Notice of Interest" describing the tract with the county recorder. His notice claimed an interest in the "tract of land through an agreement with the owners of the parcel." In that action, Mackintosh counterclaimed alleging an oral agreement and claiming a ten percent interest in the real property. The trial court dismissed his counterclaim ruling that enforcement of the oral agreement for an interest in land was barred by the Statute of Frauds, Utah Code Ann. § 25–5–1 (1989). Mackintosh appealed that ruling and we affirmed by unpublished opinion, case no. 870394–CA, referred to herein as the "Brickyard Office Associates decision." [1]

In this suit, Machan and Hampshire argued to the trial court that the Brickyard Office Associates decision provides grounds for invoking the doctrine of collateral estoppel. The trial court agreed and ruled that Mackintosh's claims were barred by collateral estoppel. The trial court also relied upon *Berry v. Berry,* 738 P.2d 246 (Utah App.1987) as support for its ruling. *Berry* arose in the aftermath of a divorce proceeding. The wife had attempted unsuccessfully in the original divorce proceeding and in a subsequent modification proceeding to obtain an order forcing liquidation of a partnership in which her former husband was a partner. She ultimately brought suit under the Uniform Partnership Act against her former husband and his partners, again seeking a distribution of partnership assets. This court held that although the legal theory had changed, collateral estoppel precludes relitigation where "the issues are the same, the facts

1. This court stated, "Insofar as defendant claims the agreement was one under which he was entitled to a ten percent interest in the *real* *property* plaintiff came to own, the claim is unenforceable under the Statute of Frauds." (Emphasis added.)

are the same, and the evidence is the same as in the previous litigation." 738 P.2d at 248.

In *Berry*, this court applied a four-part test to determine whether application of collateral estoppel is appropriate. The elements of that test are:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4. Was the issue in the first case completely, fully, and fairly litigated?

*Id.* at 248. If any of the above elements is not satisfied, then summary judgment based on the doctrine of collateral estoppel is not available. *Id.*

Relying upon *Berry*, the trial court in the instant case concluded as follows:

In *Berry v. Berry*, 738 P.2d at 248 (quoting Restatement (Second) of Judgments § 25 comment d (1982)). The court of appeals, applying the doctrine of collateral estoppel, held:

[h]aving been defeated on the merits in one action, a plaintiff sometimes attempts another action seeking the same or approximately the same relief but adducing a different substantive law premise or ground. This does not constitute the presentation of a new claim when the new premise or ground is related to the same transaction or series of transactions, and accordingly the second action should be held barred.

Thus Mr. Mackintosh's claims, that he admits are based on the same alleged agreement asserted by him in the Brickyard action, are barred by collateral estoppel, irrespective of new theories he may now wish to assert.

On this basis, the trial court ruled that all claims arising from the oral agreement were barred by collateral estoppel based upon the judgment in the Brickyard Office Associates action "as affirmed by the court of appeals."

We find the first element of the *Berry* test not satisfied. The issue decided in the prior suit is not identical to the issue presented in this case. In the Brickyard Office Associates suit, the trial court judgment and our decision were limited to the issue of Mackintosh's claim that he was entitled to receive some type of interest in real property. In the Brickyard Office Associate decision, we stated "[N]othing in this decision is in any way intended to affect [Mackintosh's] claims against Machan, Hampshire and perhaps others ... nor to affect other claims and issues in the instant action which are not before us in this appeal." Moreover, we did not decide whether an agreement to give someone an interest in a partnership which deals exclusively in real estate would be subject to the Statute of Frauds. We specifically stated that an interest in the partnership or partnership profits *could not* be asserted against Brickyard Associates, since the partnership was not in existence at the time of the alleged agreement. Accordingly, we did not consider whether the Statute of Frauds would bar such an agreement. Our decision was thus limited to determining the application of the Statute of Frauds to an interest in real property.

In this action, Mackintosh is not claiming an agreement for an interest in real property, nor is he claiming an agreement for an interest in a partnership (whatever the type or nature). He is claiming an agreement for monetary compensation amounting to ten percent of the profits ultimately received by Machan and Hampshire when their Brickyard undertaking was concluded. Accordingly, in this case, the trial court's grant of Machan and Hampshire's motion for summary judgment on the basis of collateral estoppel was an incorrect conclusion of law.

## STATUTE OF FRAUDS

■ The trial court also determined that Mackintosh's claims were barred by the

Statute of Frauds. This conclusion was based upon the erroneous characterization of Mackintosh's claim in this case as one for an interest in real property. We disagree with this characterization because Mackintosh's amended complaint specifically claims a share of the monetary profits gained by Machan and Hampshire which they promised to pay as compensation for Mackintosh's contribution, not for any interest in real property. Thus, the Statute of Frauds is inapplicable.

## CONCLUSION

The trial court's grant of Machan and Hampshire's motion for summary judgment is reversed and the case is remanded.[2]

BILLINGS and GARFF, JJ., concur.

2. We note Machan and Hampshire contend that Mackintosh's equitable claims were not raised below and are not preserved on appeal. However, our review of the record, including the modified first complaint, Mackintosh's opposition to the motion for summary judgment and Machan and Hampshire's own order drafted by them, clearly identifies Mackintosh's estoppel and unjust enrichment claims. Because the order was calculated to rule on Mackintosh's ability to assert equitable claims, Machan and Hampshire cannot now claim that these issues were not before the trial court.