**SALT LAKE CITY, a municipal corporation, Plaintiff and Appellee,**

v.

**SILVER FORK PIPELINE CORPORATION, a Utah corporation, Defendant and Appellant.**

No. 940212.

Supreme Court of Utah.

Dec. 5, 1995.

Rehearing Denied April 10, 1996.

---

8. For the text of section –1208(3)(b), see *supra* note 4.

Roger F. Cutler, Christopher E. Bramhall, Joseph Novak, Marc T. Wangsgard, Salt Lake City, for plaintiff.

Jeffrey W. Appel, Michele Mattsson, Salt Lake City, for defendant.

Dan C. Crow, San Antonio, TX, amicus pro se.

DURHAM, Justice:

Silver Fork Pipeline Corporation is comprised of property owners in the Silver Fork area of Big Cottonwood Canyon. It appeals from an order of summary judgment in a quiet title action initiated by Salt Lake City. At the heart of the dispute is the allocation of rights to water collected in the Kentucky–Utah mine tunnel. Each party claims the right to collect and divert water from this source. Salt Lake City argues that the water, which it alleges would be tributary to Big Cottonwood Creek if the opening to the mine tunnel did not trap it, properly belongs to it pursuant to two early court decisions vesting rights to the waters of the Big Cottonwood drainage basin in Salt Lake City. Silver Fork contends that these decisions do not apply because the shaft of the Kentucky–Utah mine did not exist at the time the decisions were made.

In granting the City's motion for summary judgment, the trial court relied on principles of res judicata and judicial estoppel, on the

basis of Silver Fork's voluntary intervention as a co-plaintiff in the 1964 trial of *Salt Lake City v. Barrett* (no citation available). In that case, Silver Fork did not dispute Salt Lake City's right to control the water as against Barrett's claim and stated that its own right to use the water was based on a written contract with Salt Lake City. The City now relies on Silver Fork's position in *Barrett* to argue res judicata and judicial estoppel. Silver Fork contends that the requirements for the two legal doctrines have not been satisfied. Moreover, it argues that its position in *Barrett* was based on a mistaken belief that Salt Lake City had already quieted title to the water rights in question, a belief that it now claims was erroneous.

The trial court also denied Silver Fork's motion for summary judgment, which asked the court to rule as a matter of law that Salt Lake City does not have legal title to the water rights in question. Silver Fork claims that it was entitled to this judgment as a matter of law because the state engineer had no recorded evidence of the City's title when this dispute arose.

A trial court's decision to grant or deny a motion for summary judgment is a legal one and will be reviewed for correctness. *Ron Shepherd Ins., Inc. v. Shields,* 882 P.2d 650, 654 (Utah 1994); *Bonham v. Morgan,* 788 P.2d 497, 499 (Utah 1989) (per curiam). Therefore, all issues in this case will be reviewed de novo, giving no deference to the trial court's conclusions.

## RES JUDICATA

■ The doctrine of res judicata serves the important policy of preventing previously litigated issues from being relitigated. *Penrod v. Nu Creation Creme, Inc.,* 669 P.2d 873, 874–75 (Utah 1983). In the present case, the trial court relied on the branch of res judicata doctrine referred to as claim preclusion to bar Silver Fork from disputing Salt Lake City's right to control the water collected in the Kentucky–Utah mine tunnel.[1] Claim preclusion prevents parties or their privies from relitigating "a claim for relief that was once litigated on the merits and resulted in a final judgment *between* the same parties or their privies." *Id.* at 875 (emphasis added); *see also Ray v. Consolidated Freightways,* 4 Utah 2d 137, 142, 289 P.2d 196, 199 (1955) (" 'The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves.' " (quoting Restatement of Judgments § 82 (1942))). The party barred from litigating a claim in a subsequent action must have had a full and fair opportunity to litigate the same claim in the prior case. *See Richards v. Hodson,* 485 P.2d 1044, 1046 (Utah 1971).

■ In *Barrett,* Silver Fork and Salt Lake City did not have a full and fair opportunity to litigate between themselves the claim that the City did not have the right to control the tunnel waters. Silver Fork's sole purpose for intervening in *Barrett* was to seek an injunction and damages against the *Barrett* defendants. Silver Fork made no claims, litigated no issues, and had no right of appeal against its co-plaintiff, Salt Lake City. *See Ray,* 289 P.2d at 199–200 (listing reasons why res judicata did not bar later suit). In addition, because the *Barrett* defendants conceded Salt Lake City's ownership of the tunnel water early in the course of the litigation, that issue was not litigated on the merits. Some courts have held that a stipulated agreement between two *adverse* parties is a final judgment on the merits sufficient to invoke claim preclusion in a subsequent case between the *same* parties. *See, e.g., In re Medomak Canning,* 922 F.2d 895, 900 (1st Cir.1990) (holding that court-approved settlement has res judicata effect). It would be a much different thing, however, to hold that a stipulated agreement between a plaintiff and a defendant precludes a nonadverse co-plaintiff from making a similar claim in a subse-

---

1. The doctrine of res judicata has two distinct branches: (1) claim preclusion, which is discussed in this opinion, and (2) issue preclusion, which prevents the relitigation of issues that have been litigated and determined in another action even though the underlying claims in the two actions may be different. *Penrod,* 669 P.2d at 874–75.

quent action between the two plaintiffs, and we decline to do so.

## JUDICIAL ESTOPPEL

The trial court also ruled that Silver Fork's adoption of Salt Lake City's allegations of ownership in *Barrett* judicially estopped Silver Fork from disputing Salt Lake City's right to control the water collected in the Kentucky–Utah mine tunnel. The principle of judicial estoppel prevents a party from seeking judicial relief by offering statements inconsistent with its own sworn statement in a prior judicial proceeding. *Condas v. Condas,* 618 P.2d 491, 496 (Utah 1980). "[A] person may not, to the prejudice of another person deny any position taken in a prior judicial proceeding between the same persons or their privies involving the same subject-matter, if such prior position was successfully maintained." *Tracy Loan & Trust Co. v. Openshaw Inv. Co.,* 102 Utah 509, 515, 132 P.2d 388, 390 (1942). The purpose of judicial estoppel is to uphold the sanctity of oaths, thereby safeguarding the integrity of the judicial process from conduct such as knowing misrepresentations or fraud on the court. *See Wiese v. Wiese,* 699 P.2d 700, 704–05 (Utah 1985) (Durham, J., dissenting); *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 737 n. 6 (8th Cir.1987).

We conclude that this purpose is not served in cases such as this where there is no evidence that the party against whom judicial estoppel is sought knowingly misrepresented any facts in the prior proceeding and where the party seeking to invoke judicial estoppel had equal or better access to the relevant facts. *See Tracy Loan,* 102 Utah at 515, 132 P.2d at 390–91 (concluding that judicial estoppel is not appropriate where "parties had equal knowledge of the facts"); *DeMers v. Roncor, Inc.,* 249 Mont. 176, 814 P.2d 999, 1001 (1991) ("The rule of judicial estoppel does not apply ... when the knowledge or means of knowledge of both parties is equal."). There is no evidence that Silver Fork knowingly misrepresented any facts in *Barrett.*[2] Silver Fork was led to believe (by

Salt Lake City) that the City owned the rights to the water collected in the Kentucky–Utah mine tunnel. The City was in the best position to know the relevant information concerning ownership, and Silver Fork relied on this in forming its position in *Barrett.* Accordingly, we reverse the trial court's ruling that Silver Fork is judicially estopped from disputing Salt Lake City's right to the water collected in the Kentucky–Utah mine tunnel.

## SILVER FORK'S MOTION FOR SUMMARY JUDGMENT

Silver Fork claims that the trial court erred by not holding as a matter of law that Salt Lake City did not have legal title to the water rights in question. We disagree. The trial court properly denied Silver Fork's motion for summary judgment because there are numerous unresolved issues of fact. For instance, the question of whether the tunnel waters would be naturally tributary to Big Cottonwood Creek absent the tunnel renders summary judgment impossible. *See* Utah R. Civ.P. 56(c); *Lawson v. Salt Lake Trappers,* 901 P.2d 1013, 1014 (1995) ("Summary judgment is proper only when there is no issue of material fact...."); *United Park City Mines Co. v. Greater Park City Co.,* 870 P.2d 880, 885 (Utah 1993) (same). Therefore, we uphold the trial court's decision to deny Silver Fork's motion for summary judgment.

The decision of the trial court is reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.

ZIMMERMAN, C.J., STEWART, A.C.J., and HOWE and RUSSON, JJ., concur in Justice DURHAM's opinion.

---

**2.** To the contrary, the fact that Silver Fork continued to purchase the tunnel water from Salt Lake City for nearly thirty years following the

*Barrett* case is compelling evidence that at the time it intervened in *Barrett,* Silver Fork firmly believed the City owned the water.