**Helen Jeanean BURK, Plaintiff–Appellant,**

v.

**K MART CORPORATION, Defendant–Appellee.**

**No. 90–5244.**

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1991.

Publication Ordered Jan. 28, 1992.

Earl W. Wolfe, Earl W. Wolfe & Associates, Tulsa, Okl., for plaintiff-appellant.

Lynn Paul Mattson, Kathy R. Neal, and Richard J. Eagleton, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Okl., for defendant-appellee.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Helen Jeanean Burk brought this action against K–Mart Corporation, alleging constructive discharge resulting from sexual discrimination and re-

taliatory harassment for whistleblowing. K–Mart moved for partial summary judgment on Appellant's claims that she was retaliated against for whistleblowing. Appellant failed to respond, and the district court granted summary judgment based on Local Rule 15(A). Following a pretrial conference and K–Mart's Request for Clarification, the district court issued an Order confirming that all of Appellant's claims relating to whistleblowing had been disposed of in its grant of summary judgment to K–Mart on that point, leaving only Appellant's claims regarding sexual discrimination. K–Mart subsequently moved for summary judgment on Appellant's sexual discrimination claims. Again, Appellant failed to respond. The district court, looking to the merits of the claims, granted summary judgment to K–Mart. Appellant appeals the district court's orders. We affirm, but on different bases than those relied on by the district court. *See Bath v. National Ass'n of Intercollegiate Athletics,* 843 F.2d 1315, 1317 (10th Cir.1988) (appellate court can affirm on any grounds that find support in the record).

■ Our review of a district court's grant of summary judgment is de novo, applying the same standards used by the trial court under Fed.R.Civ.P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir.1991). Having failed to respond to either of K–Mart's summary judgment motions, Appellant has pointed to no disputed issues of fact which might preclude summary judgment. In any case, the parties appear to agree on the material facts. Our review, then, is limited to whether the district court correctly applied the substantive law. *See Railhead Freight Sys., Inc. v. United States Fire Ins. Co.,* 924 F.2d 994, 995 (10th Cir.1991).

■ Regarding her whistleblowing claims, Appellant alleges that she was harassed in retaliation for her reporting of several incidents of wrongdoing by other K–Mart employees. Appellant, formerly an at-will employee, can prevail on these claims only if she can show that Oklahoma has a "clear mandate of public policy" against terminating employees for this type of whistleblowing.[1] *Burk v. K–Mart Corp.,* 770 P.2d 24, 29 (Okla.1989).

We do not find such a mandate in either Oklahoma's decisional or statutory law, and Appellant, in failing to respond to K–Mart's motion, did not argue before the district court that one existed. On appeal, Appellant cites to several cases, contending that such a public policy exception to Oklahoma's termination-at-will doctrine exists. Those cases are inapposite or distinguishable. We find no cases where the Oklahoma Supreme Court has held that termination in retaliation for whistleblowing violates Oklahoma's public policy, and we decline to fashion such a ruling. *See Burk,* 770 P.2d at 29 ("[T]he public policy exception must be tightly circumscribed."). Accordingly, we affirm the district court's grant of summary judgment on Appellant's whistleblowing claims.[2]

■ Following the district court's grant of summary judgment on her whistleblowing claims, Appellant argued, apparently at a pretrial conference, that some of her whistleblowing claims remained because they were connected to and encompassed her sexual discrimination claims. The district court, in its Order dated September 24, 1989, noted: "There has been no allegation by Plaintiff that she filed, under state and/or federal statutes, a sexual discrimination claim and was thereafter retaliated against by Defendant." We agree. Appel-

1. The parties argue about the nature of these infractions, whether simply violative of K–Mart's internal policies or also violative of law. That argument is not relevant, however, in light of our disposition.

2. In light of this disposition, we need not review the propriety of the district court's reliance on its local rule in this case. *But see John v. Louisiana,* 757 F.2d 698, 709 (5th Cir.1985) ("summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment.").

lant alleged no facts in support of a claim that her constructive discharge was based, even in part, on retaliatory harassment in connection with sexual discrimination. Absent such pleading, Appellant cannot prevail in her attempt to raise this claim. · *See Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir. 1991) (sufficiency of complaint to state a claim).

█ Finally, Appellant argues that the district court erred in granting summary judgment to K–Mart on her sexual discrimination claims. K–Mart asserted that Appellant was impliedly arguing that she failed to receive a promotion as a result of discrimination. We disagree. Appellant alleged only that she was constructively discharged. Nonetheless, once K–Mart moved for summary judgment, Appellant had "the obligation to come forward with evidence, more than mere conclusory allegations...." *Metro Oil Co. v. Sun Ref. & Mktg. Co.,* 936 F.2d 501, 504 (10th Cir. 1991). "One of the purposes of a motion for summary judgment is to pierce the pleading and to assess the proof in order to ascertain whether there exists a genuine need for trial." *Id.* In failing to respond to K–Mart's motion, Appellant failed to come forward with any specific facts or evidence supporting her sexual discrimination claim or connecting that claim to her allegation of constructive discharge. Appellant cannot rest on her pleadings to avoid summary judgment. *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). Because Appellant has failed to make a showing sufficient to establish elements essential to her case, we affirm the district court's grant of summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.