989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Betty L. STOKES, Plaintiff-Appellant,
v.
AMERICAN EXPRESS CO.; American Express Travel Related
Services, Inc.; Marie T. Grillo, Defendants-Appellees.
 No. 92-4093.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Betty L. Stokes appeals from an order of the district court granting defendants' motion for summary judgment in this action brought pursuant to Title VII, 42 U.S.C. §§ 2000e-2000e-17. Upon review of the record, the parties' briefs on appeal, and the applicable law, we affirm, although, in part, on different grounds than those relied upon by the district court. See Burk v. K Mart Corp., 956 F.2d 213, 214 (10th Cir.1991).
 
 
 3
 In her complaint, plaintiff alleged that defendants, in particular defendant Grillo, her immediate supervisor, sexually harassed her, discriminated against her on the basis of her age, and retaliated against her because she declined Ms. Grillo's sexual advances. As a result, plaintiff alleged she was wrongfully discharged and caused severe emotional distress.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. See Fed.R.Civ.P. 56(c); Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 5
 On appeal, plaintiff contests the district court's determination that she was not subjected to either quid pro quo sexual harassment or a hostile working environment due to sexual harassment. The district court, addressing plaintiff's sexual harassment claims on the merits, held that while plaintiff had made a prima facie showing of sexual discrimination, she had not met her burden of showing that the legitimate business reasons offered by defendants for their actions were pretextual.
 
 
 6
 Defendants argue that the merits of this claim were decided in plaintiff's state workers' compensation claim and the state court's judgment is, therefore, binding on this court. We agree.
 
 
 7
 The Supreme Court has held that Congress did not intend that Title VII should supersede the principles of comity and repose as embodied in 28 U.S.C. § 1738.[1] Kremer v. Chemical Constr. Corp., 456 U.S. 461, 478 (1982).
 
 
 8
 In her workers' compensation action, plaintiff alleged she was mentally and physically disabled as a result of sexual harassment in the workplace. Benefits were denied based on the finding that the alleged incidents had not occurred. Plaintiff appealed to the Utah Court of Appeals, which affirmed. See Stokes v. Board of Review of Indus. Comm'n, 832 P.2d 56 (Utah Ct.App.1992).
 
 
 9
 We are bound by this determination if the principle of issue preclusion applies. Issue preclusion "prevents the relitigation of issues that have been once litigated and determined in another action even though the claims for relief in the two actions may be different." Penrod v. Nu Creation Creme, Inc., 669 P.2d 873, 875 (Utah 1983). See Kremer, 456 U.S. at 481-82 (federal court must look to state law to determine the effect of state judgment).
 
 
 10
 The Utah Supreme Court has held that the following factors are to be examined in determining if issue preclusion applies:
 
 
 11
 1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
 
 
 12
 2. Was there a final judgment on the merits?
 
 
 13
 3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?
 
 
 14
 4. Was the issue in the first case competently, fully, and fairly litigated?
 
 
 15
 Copper State Thrift & Loan v. Bruno, 735 P.2d 387, 389 (Utah Ct.App.1987).
 
 
 16
 The issue of whether sexual harassment occurred is the same in both actions. See Stokes, 832 P.2d at 62 (issue of whether plaintiff's allegations of sexual harassment had actually occurred correctly reached because incidents were central to disability claim). The state appellate court entered final judgment upholding the Industrial Commission's determination on the merits that plaintiff had not been sexually harassed and that disciplinary procedures involving her had been handled appropriately in accordance with company procedures. The employer was a party in the state proceeding. Plaintiff's immediate supervisor, Ms. Grillo, while not a named party there, is in privity with the employer. The issue was competently, fully, and fairly litigated. Evidence was taken for seven days, testimony of nine witnesses was heard, and several volumes of medical and psychological reports were examined. Id. at 57, 59-60.
 
 
 17
 Therefore, plaintiff's Title VII claim for sexual harassment is barred due to issue preclusion. Plaintiff's derivative claims of retaliation and constructive discharge are likewise barred.
 
 
 18
 Petitioner argues that she proved her age discrimination claim. The district court found an insufficient basis to support this claim and held that defendants' stated reason for not including plaintiff in a specialized training program was a facially valid business reason which plaintiff failed to rebut. Upon review of the record, we agree with the district court that plaintiff failed to present credible evidence sufficient to create a genuine issue of material fact which would thereby preclude the entry of summary judgment in favor of defendants.
 
 
 19
 Plaintiff also argues that the Utah Workers' Compensation Act does not bar her emotional distress claim. We disagree. An action for emotional distress can only be brought in a state workers' compensation action unless the plaintiff can show intentional infliction of emotional distress. Mounteer v. Utah Power & Light Co., 823 P.2d 1055, 1058-59 (Utah 1991). Plaintiff has made no such showing here.
 
 
 20
 The judgment of the United States District Court for the District of Utah is AFFIRMED. Plaintiff's motion to supplement the record is DENIED. Defendants' motion to strike is GRANTED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 28 U.S.C. § 1738 provides that the record and judicial proceedings of any state court "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."