In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2745

Patricia Scaife,

Plaintiff-Appellant,

v.

Racine County, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-C-0541--Myron L. Gordon, Judge.

Argued January 11, 2001--Decided January 31, 2001

 Before Flaum, Chief Judge, and Cudahy and Posner,
Circuit Judges.

 Posner, Circuit Judge. The plaintiff brought this
suit against her former employer, a public
agency, and several of its employees, charging
that she had been terminated in violation of
federal laws forbidding discrimination. The
district court granted summary judgment for the
defendants.

 The plaintiff's principal argument is that the
district judge treated her unfairly by refusing
to allow her to file an untimely response to the
motion for summary judgment, while allowing the
defendants to file their pleadings late. We need
not decide whether the judge was guilty of any
unfairness, for if he was, his actions did not
harm the plaintiff. The grant of summary judgment
(or for that matter the denial, which, however,
being interlocutory, is rarely the subject of
appellate review) is reviewed de novo, which is
to say with no deference given the district
court. And so the fact that the court may not
have given due weight to the opposing party's
legal arguments because the court refused to
accept an untimely submission of those arguments
does not harm the party. Flynn v. Sandahl, 58
F.3d 283, 288 (7th Cir. 1995); Tobey v.
Extel/JWP, Inc., 985 F.2d 330, 332 (7th Cir.
1993); Canada v. Union Electric Co., 135 F.3d
1211, 1212-13 (8th Cir. 1997); Burk v. K-Mart

Corp., 956 F.2d 213, 214 (10th Cir. 1991). He can make the arguments in his brief on appeal and with the district court's decision to grant summary judgment receiving no deference loses nothing from not having been able to make his arguments to that court. That is the situation of this plaintiff.

The situation would be different if the district court had treated the plaintiff's failure to file a timely response as a waiver (more precisely, a forfeiture, United States v. Richardson, No. 99-4309, 2001 WL 59452, at *3 (7th Cir. Jan. 25, 2001)) and had therefore granted summary judgment without consideration of the merits, for that ruling if upheld would prevent us from considering the merits. The plaintiff's situation would also be different from what it is here if the district court had turned down a request by her for further discovery and as a result had truncated the record on appeal, obstructing our review of the merits. In either case the plaintiff would have been harmed by the district court's refusal to allow her to file a late response to the motion for summary judgment. But that court did not treat her failure to file as a forfeiture; the defendants do not ask us to treat it as a forfeiture; and the plaintiff's lawyer acknowledged at the oral argument of the appeal that all the evidence on which he relies was before the district court when that court ruled and is therefore before us as well. Her complaint is merely that she didn't have a chance to make certain legal arguments to the district court; and such a complaint, even if justified (which we needn't decide), would not justify a remand, but would merely require us to consider those arguments carefully--which we would be obliged to do in any event, assuming, as we are doing, that the plaintiff is not to blame for having failed to make the arguments to the district court.

So preoccupied is plaintiff's counsel with the alleged unfairness with which his client's case was treated by the district court that in our court he has forfeited almost all his claims by not arguing them. The only claim he argues is a denial of due process. The defendants concede that the plaintiff had a property right in her public employment but argue that she received all the process that was due and in particular received a hearing before she was terminated for her threatening and otherwise disruptive conduct in the workplace. Although notified of the hearing well in advance, she did not attend. She was on medical leave at the time for treatment of depression and anxiety that may conceivably have contributed to her erratic and rather frightening behavior at work. She argues that the fact that the hearing was conducted in her absence shows

that the defendants had already decided to fire her, in which event the hearing was a sham and did not satisfy the requirements of due process. Ryan v. Illinois Dept. of Children & Family Services, 185 F.3d 751, 762 (7th Cir. 1999); Levenstein v. Salafsky, 164 F.3d 345, 351-52 (7th Cir. 1998); Langley v. Adams County, 987 F.2d 1473, 1480 (10th Cir. 1993); Cremeans v. City of Roseville, 861 F.2d 878, 883-84 (6th Cir. 1988). But as there is no evidence that she notified any of the defendants that she would be unable for medical or any other reasons to attend the hearing, and no evidence that they had independent knowledge that her medical problems were so severe that she could not attend, they were entitled to treat her as a "no show" and go on with the hearing. Cf. Cremeans v. City of Roseville, supra, 861 F.2d at 883-84. An employee cannot be permitted to hang on to his job just by refusing to show up at a pretermination hearing. Cliff v. Board of School Commissioners, 42 F.3d 403, 413-14 (7th Cir. 1994); Leary v. Daeschner, 228 F.3d 729, 743-44 (6th Cir. 2000); Pitts v. Board of Education, 869 F.2d 555, 557 (10th Cir. 1989). There is no evidence, other than the fact that the meeting was conducted in the plaintiff's absence, to suggest that it was pro forma, the decision to fire her having already been made.

Affirmed.