In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3536

LISA PRICE,

Plaintiff-Appellant,

v.

CITY OF CHICAGO,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 7864--James F. Holderman, Judge.

ARGUED APRIL 12, 2001--DECIDED MAY 24, 2001

Before EASTERBROOK, RIPPLE and WILLIAMS,
Circuit Judges.

RIPPLE, Circuit Judge. Lisa Price brought
disparate impact discrimination and equal
protection claims against the City of
Chicago ("the City")./1 The City filed
a summary judgment motion. Ms. Price's
response to that motion was untimely, and
the district court refused to accept
it./2 The court granted summary
judgment to the City, and Ms. Price now
appeals.

I

BACKGROUND

A.  Facts

We shall limit our recitation of the
facts to those necessary to an
understanding of the issues presented in
this appeal.

Ms. Price is a female, African-American,
Chicago police officer. The Chicago
Police Department ("CPD") determines who
it will promote by rank ordering its
officers based on their performance on
certain tests. Officers who receive the
same score on the tests are further
ranked based on seniority. However, ties
sometimes still persist. Officers who
receive the same score and also have the

same seniority therefore are ranked by age; the older officer is promoted first.

The City had decided to promote 156 officers to sergeant. On her qualifying examinations, Ms. Price scored the same as 38 other officers. Of those 38 officers, only 33 were eligible for promotion at the same time as Ms. Price. One other officer, Michael Ward, had the same test score and seniority as she. The position on the promotion list for which Ward and Ms. Price were tied was the last space available for promotion; the department could promote only one of the two and still stay within its pre-determined quota. In accordance with its age-based policy, it chose to promote Ward rather than Ms. Price because Ward was two years older. Although Ms. Price was passed over for promotion during this promotion cycle, she was promoted about one year later.

B.   Proceedings in the District Court

Ms. Price brought this action against the City. She alleged that the CPD's policy of using an officer's date of birth as a "tie breaker" had a disparate impact on African Americans. She also alleged that the policy violated the Equal Protection Clause because it had no rational basis.

The district court rejected both of these contentions and granted summary judgment in favor of the City. In the court's view, Ms. Price had not offered any evidence that the City's policy disproportionately impacted African Amercans. To the contrary, the City had presented statistical evidence that the policy did not have an adverse impact on African Americans. Because Ms. Price did not rebut this evidence, she could not succeed on her disparate impact claim.

The court also rejected Ms. Price's equal protection claim because the City presented two rational bases for its policy. First, the CPD often used date of birth to break ties when officers were allowed to choose or to request assignments, and that criterion had been incorporated into collective bargaining agreements. Second, the policy helped insulate the CPD from ADEA liability. Because Ms. Price did not negate these explanations for the policy, she failed

to prove that there was no rational basis for them.

II

DISCUSSION

A.  The Disparate Impact Claim

To succeed on her disparate impact claim, Ms. Price must make out a prima facie case by showing that the method of promotion she challenges has an adverse impact on minorities. If she makes this showing, the City must then demonstrate that its method is job-related and consistent with business necessity. See Bryant v. City of Chicago, 200 F.3d 1092, 1094 (7th Cir.), cert. denied, 121 S. Ct. 64 (2000). Ms. Price does not challenge the City's use of tests to identify those officers eligible for promotion; instead, she challenges only the City's use of date of birth as a tie breaker. Based on a statistical analysis of how the City's use of date of birth affected the minority officers who received the same score as Ms. Price on the initial eligibility tests, the district court concluded that the use of date of birth did not cause any adverse impact. This finding is supported by the record. Without demonstrating such an adverse impact, Ms. Price cannot establish her prima facie case./3

Ms. Price addresses this fundamental defect in her case by arguing that the 1991 Amendments to the Civil Rights Act, Pub. L. 102-166, sec. 105(a), 105 Stat. 1071, 1074 (1991) (codified at 42 U.S.C. sec. 2000e-2(k)) ("1991 Amendments"), eliminated the requirement that a plaintiff demonstrate that the challenged practice has a disparate impact. According to Ms. Price, a Title VII plaintiff may now establish disparate impact liability simply by showing that an alternative employment practice with a lesser adverse impact exists and that the employer has refused to adopt it. See 42 U.S.C. sec. 2000e-2(k)(1)(A)(ii)./4 Ms. Price points to an EEOC guideline, 29 C.F.R. sec. 1607.3(B), which provides:

Where two or more selection procedures are available which serve the user's legitimate interest in efficient and trustworthy workmanship, and which are substantially equally valid for a given

purpose, the user should use the procedure which has been demonstrated to have the lesser adverse impact.

Ms. Price contends that, in this case, the City should have promoted her in addition to Ward because doing so (1) would counteract the underrepresentation of minorities on the promotions list caused by the initial eligibility test, and (2) would have a lesser adverse impact on minorities than breaking the tie through use of date of birth.

Ms. Price's contention that the 1991 Amendments eliminated the plaintiff's burden of establishing a prima facie case is untenable. With respect to less discriminatory alternatives available to an employer, which is the statutory provision Ms. Price seeks to rely on here, the 1991 Amendments provide that a plaintiff's demonstration shall be in accordance with the law as it existed prior to the Supreme Court's decision in Wards Cove Packing Company v. Atonio, 490 U.S. 642 (1989). The controlling principle was first set forth in Albemarle Paper Company v. Moody, 422 U.S. 405, 425 (1975). In that case, the Supreme Court made clear that an employer has no duty to justify its use of a particular employment practice unless the plaintiff establishes that the practice has a disparate impact. If the plaintiff successfully establishes a prima facie case of disparate impact and the employer successfully demonstrates that the practice is job-related, the plaintiff then has the opportunity to convince the fact-finder that the employer's explanation is, in effect, pretextual because there are less discriminatory alternatives available that the employer refuses to adopt. See id.

The framework established by Albemarle places the issue of whether less discriminatory alternatives exist at the end of the disparate impact analysis; certainly, there is no suggestion that a plaintiff may vault over the initial inquiries and rest her case entirely on the existence of alternatives. Moreover, Ms. Price has cited no case that supports her interpretation of the statute, and our research reveals none. To the contrary, plaintiffs consistently have been required to establish a prima facie case, both before/5 the 1991 Amendments

and after./6 We, therefore, cannot accept Ms. Price's argument that she need not establish an adverse impact in order to impose disparate impact liability on the City.

The employment practice Ms. Price has chosen to challenge in this lawsuit is the City's policy of using date of birth to determine seniority for purposes of promotion. As we said earlier, Ms. Price has made no attempt to demonstrate, through statistics or otherwise, that this practice has a disparate impact on minorities. The only disparate impact Ms. Price attempts to establish is an alleged underrepresentation of minorities on the list of officers eligible for promotion compiled from test scores. Any such underrepresentation, if it exists, is the result of a flaw in the initial test. If Ms. Price believes the initial test has a disparate racial impact, she ought to have attacked the test directly. However, she has disavowed expressly any such attack in this case. The City cannot be asked to adopt policies designed to correct allegedly undesirable results that have not been shown to exist.

Ms. Price's statutory argument therefore does not excuse the fatal failure to establish the most basic element of aprima facie case. She simply has failed to show that the City's use of a birth date as a tie breaker has any adverse impact.

B.   The Equal Protection Claim

The City has offered two explanations for its use of date of birth as a tie breaker. First, many officers are familiar with this method of breaking ties because it is used to determine seniority in all ranks permitted to select or bid on certain contract benefits, such as furloughs, watches, or units of assignment. Indeed, the City's practice of using date of birth to determine seniority is memorialized in a collective bargaining agreement between the City and the Fraternal Order of Police, the entity that represents Chicago police officers. Second, the policy helps the CPD protect itself against age discrimination claims. Ms. Price attacks the City's first explanation by claiming that using age as a tie breaker is only a custom. She

challenges the City's age-discrimination rationale because neither she nor Ward is old enough to fall within the ADEA's protections, and therefore there was no threat of such liability in this instance.

The City's arguments are, in our view, persuasive. In making promotions by counting down a rank-ordered list, the CPD is likely often to find itself in a situation where the cutoff must be drawn between two equally senior officers with the same test score. Breaking such ties through neutral criterion, accepted by the officers in the department, will not be perceived as favoring one officer over another. Date of birth is familiar to many of the officers because it is used and accepted as a method of determining seniority for contract rights for which there is a right to bid. By using date of birth as a tie breaker, the CPD promotes a uniform policy, accepted widely as fair by the officers of the department, that chooses between two equally qualified officers based upon a neutral criterion. The City's methodology is eminently rational. Moreover, although the contestants in this particular case are not protected by the ADEA, the City is entitled to choose a single methodology for all promotion situations in order to ensure that all of its police officers are treated in a uniform and therefore even-handed manner.

Conclusion

The district court correctly concluded that Ms. Price failed to establish that the City's reliance on age to break ties on its promotions list had a disparate impact on minorities. Nor did she establish a violation of the Equal Protection Clause. Accordingly, the district court's judgment must be affirmed.

AFFIRMED


FOOTNOTES

/1 Ms. Price also brought a state law claim over which the district court declined to exercise supplemental jurisdiction. That claim is not at issue in this appeal.

/2 In her opening brief, Ms. Price initially chal-

lenged the district court's refusal to accept her response. However, this court's recent opinion in Scaife v. Racine County, 238 F.3d 906, 907 (7th Cir. 2001), held that the de novo standard of review for a grant of summary judgment prevents a party from being prejudiced by a district court's refusal to consider her summary judgment motion so long as the court addresses the motion on its merits. Ms. Price acknowledges Scaife in her reply brief. We agree that Scaife controls on this issue; therefore, we need not address Ms. Price's abandoned argument that she was prejudiced by the district court's refusal to accept her summary judgment motion.

/3 Ms. Price could not have contested the City's statistics in the district court because the court did not allow her to file her response to the City's summary judgment motion. She says in her appellate brief, however, that she does not challenge the City's use of test scores and she does not dispute the City's statistical analysis. What she does do on appeal is provide some statistics of her own to try to show that African Americans were promoted less often than whites. These statistics compare the number of African Americans and whites who took the promotion eligibility test, the number who passed, and the number who were actually promoted. What Ms. Price does not do is offer statistics relating to the 38 officers who were ranked the same as Ward and herself. None of the calculations Ms. Price offers suggests that date of birth affected the races differently.

/4 42 U.S.C. sec. 2000e-2(k) provides, in relevant part:

(k) Burden of proof in disparate impact cases

(1)(A) An unlawful employment practice based on disparate impact is established under this subchapter only if--

(i) a complaining party demonstrates that a respondent uses a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and the respondent fails to demonstrate that the challenged practice is job related for the position in question and consistent with business necessity; or

(ii) the complaining party makes the demonstration described in subparagraph (C) with respect to an alternative employment practice and the respondent refuses to adopt such alternative employment practice.

. . . .

(C) The demonstration referred to by subparagraph (A)(ii) shall be in accordance with the law as it existed on June 4, 1989, with respect to the concept of "alternative employment practice".

/5 See, e.g., Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994-95 (1988); Connecticut v. Teal, 457 U.S. 440, 446 (1982); New York City Transit Auth. v. Beazer, 440 U.S. 568, 584 (1979); Dothard v. Rawlinson, 433 U.S. 321, 329 (1977).

/6 See, e.g., Bryant v. City of Chicago, 200 F.3d 1092, 1094 (7th Cir.), cert. denied, 121 S. Ct. 64 (2000); Council 31, Am. Fed'n of State, County & Mun. Employees, AFL-CIO v. Doherty, 169 F.3d 1068, 1074 (7th Cir. 1999); Vitug v. Multistate Tax Comm'n, 88 F.3d 506, 513 (7th Cir. 1996).