James SETTLES, Sr., Plaintiff–
Appellant,

v.

ILLINOIS DEPARTMENT
OF HUMAN SERVICES,
Defendant–Appellee.

No. 01–3557.

United States Court of Appeals,
Seventh Circuit.

Argued July 9, 2002.

Decided July 25, 2002.

Before POSNER, RIPPLE, and WILLIAMS, Circuit Judges.

## ORDER

James Settles, Sr. was denied a promotion by the Illinois Department of Human Services ("IDHS"). He brought this action against the IDHS, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court granted IDHS' motion for summary judgment. For the reasons set forth in this order, we affirm the judgment of the district court.

## I

## BACKGROUND

Mr. Settles, an African–American, began working in 1981 for the IDHS (then known as the Illinois Department of Mental Health and Developmental Disabilities) as a mental health technician. In 1992, he applied and interviewed for a promotion to the position of maintenance equipment operator. When he did not get the promotion, he filed a charge of discrimination with the Equal Employment Opportunity Commission. The IDHS eventually settled the charge by promoting Mr. Settles to the maintenance equipment operator position.

In 1999, Mr. Settles applied for another promotion as a stationary engineer. After receiving Mr. Settles' application, the IDHS sent a letter to him, and to the other eight applicants, asking him to call the employee services office before 4 p.m. on July 7, 1999 to schedule an appointment for an interview. Six of the applicants called before the deadline. Mr. Settles did not call until July 8 because, he says, that he did not receive the letter from the

IDHS until the previous day. Mr. Settles admits that the letter he received was sent on the same date as the letters to the other applicants, June 29, 1999. When Mr. Settles called the employee services office on July 8, the office explained to Mr. Settles that it could not schedule an interview for him because he had missed the deadline. The IDHS interviewed the six applicants who had timely scheduled an appointment, and eventually offered the stationary engineer position to one of them, a white applicant.

After receiving a right-to-sue letter from the EEOC, Mr. Settles filed this action, alleging race discrimination. Mr. Settles' complaint alleges three theories of discrimination: Count I alleges that the IDHS did not hire Mr. Settles because of his race (disparate treatment); Count II alleges that IDHS training and promotion policies discriminate against minorities (disparate impact); and Count III alleges that the IDHS did not hire Mr. Settles in retaliation for his 1992 allegation of discrimination. The district court granted summary judgment to the IDHS on all three counts. Mr. Settles filed a timely appeal.

## II

## DISCUSSION

Mr. Settles appeals the district court's order granting summary judgment to the IDHS on his disparate treatment, disparate impact, and retaliation claims. We review the district court's order granting summary judgment *de novo* and shall affirm if the record demonstrates that Mr. Settles has failed to come forward with specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(c); *Patt v. Family Health Sys., Inc.*, 280 F.3d 749, 752 (7th Cir.2002).

## A. Disparate Treatment

Mr. Settles did not attempt to prove discrimination with direct evidence; he relied instead upon the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie* case, Mr. Settles must show that (1) he was a member of a protected class; (2) he applied for and was qualified for an available position; (3) he was denied the position; and (4) similarly situated employees outside his protected class were treated more favorably. *Id.* at 802, 93 S.Ct. 1817; *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 732 (7th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1299, 152 L.Ed.2d 211 (Mar. 18, 2002). If Mr. Settles establishes a *prima facie* case, only then does the burden shift to the IDHS to provide evidence of a legitimate, nondiscriminatory reason for not giving the position to Mr. Settles; if the IDHS offers a legitimate reason, the burden returns to Mr. Settles to prove that the IDHS' reason was pretextual. *Simmons v. Chicago Bd. of Educ.*, 289 F.3d 488, 492 (7th Cir.2002).

■ Mr. Settles submits that the district court erred when it determined that he had failed to establish a *prima facie* case because he had failed to show that he was qualified for the promotion or that the IDHS had treated similarly situated non-African-American applicants more favorably. First, Mr. Settles argues that he demonstrated his qualifications to be a stationary engineer by asserting at his deposition that "there is nothing you could show me that a man can do with his hands ... that I cannot do." (R.9, Ex.E at 60–61). As the district court noted, however, the posting for the stationary engineer opening stated that the position required "FOUR YEARS EXPERIENCE IN POWER PLANT OPERATIONS." Mr. Settles admittedly lacked this experience.

The district court correctly concluded that, although Mr. Settles may believe he could learn the required skills, at the time he applied for the job he lacked those skills and was therefore not qualified for the position. *See Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir.2001) (self-serving statements unsupported by the record are insufficient to defeat summary judgment).

■ Mr. Settles also submits that the fact that other applicants received letters from the IDHS in plenty of time to schedule an interview before the deadline establishes that similarly situated applicants were treated more favorably. But this argument misapprehends the similarly situated inquiry. To establish that an applicant was similarly situated and treated more favorably, Mr. Settles must show that the IDHS did not enforce its interview deadline even-handedly-in other words, by permitting non-African-American applicants to schedule interviews after the deadline had passed. Mr. Settles offered no such evidence. To the contrary, as the district court noted, the record shows that every person who interviewed for the job had met the deadline. Indeed, Mr. Settles does not dispute this fact. Because no applicant was similarly situated and treated more favorably, the district court correctly concluded that Mr. Settles's *prima facie* case faltered on this prong as well.

## B. Disparate Impact

In Count II, Mr. Settles alleged that three IDHS practices have a disparate impact upon African–American employees and therefore constitute racial discrimination in violation of Title VII. The practices Mr. Settles identified are (1) word-of-mouth recruiting; (2) "grooming" of some but not all employees for promotions by training them for higher skilled jobs; and (3) the IDHS' failure to comply with its

own job posting requirements. Unlike disparate treatment, which exists only when an employer intentionally discriminates, disparate impact exists when a facially neutral employment practice affects members of a protected group more harshly. *Miller v. City of Indianapolis,* 281 F.3d 648, 651 (7th Cir.2002). To make out a *prima facie* case, Mr. Settles must establish that (1) the IDHS engaged in the complained-of practices, and (2) statistics or other evidence showed that the practices affected members of the protected group more harshly than other employees. *Price v. City of Chicago,* 251 F.3d 656, 659 (7th Cir.2001); *Vitug v. Multistate Tax Comm'n,* 88 F.3d 506, 513 (7th Cir.1996).

■ The district court correctly determined that Mr. Settles' disparate impact claim does not survive summary judgment because he failed to establish a *prima facie* case regarding any of the three alleged practices. Mr. Settles offered only his suspicions, not evidence, that word-of-mouth recruiting existed. As the district court noted, Mr. Settles admitted that he knows of no word-of-mouth recruiting except for the stationary engineering position. But even if the IDHS recruited for the stationary engineering through informal channels, the one person that Mr. Settles alleges was recruited in that manner was African–American. Therefore to the extent word-of-mouth recruiting occurred, it did not adversely impact African–Americans.

Mr. Settles also submitted no evidence that the IDHS "groomed" select employees by training them to perform higher skilled jobs so that they would be first in line for promotions. Although Mr. Settles claimed that three white employees were groomed for higher skilled jobs, he admitted that he does not know what training, if any, these employees received. Furthermore, as the district court noted, although

Mr. Settles identified a white employee whom he alleged was groomed for the stationary engineering position, that employee-as Mr. Settles has admitted-was not offered the job. Thus, Mr. Settles' mere speculation that the IDHS groomed employees is insufficient to defeat a motion for summary judgment. *See Oest v. Ill. Dep't of Corr.,* 240 F.3d 605, 615 (7th Cir. 2001).

Finally, Mr. Settles did not establish a *prima facie* case regarding IDHS' practice of posting job openings. He contradicts his claim about the IDHS' job-posting practices by admitting in his deposition that he applied for the stationary engineering position after seeing a posting for the job. Moreover, to the extent the IDHS ever failed to post an opening, Mr. Settles did not show that it affected African–Americans employees any more adversely than it affected other employees.

### C. Retaliation

Mr. Settles also claimed that the IDHS did not give him the stationary engineer position in retaliation for his 1992 claim of discrimination. Given the lack of direct evidence of retaliation, Mr. Settles had to establish a *prima facie* case of retaliation by showing that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Hoffman–Dombrowski v. Arlington Int'l Racecourse, Inc.,* 254 F.3d 644, 653 (7th Cir. 2001). He argues that the casual link between his 1992 claim of discrimination and the IDHS' decision not to promote him was the IDHS' failure to post any job openings since 1992. But, as noted earlier, Mr. Settles admitted that he applied for the stationary engineering position because he saw a job posting for it, which undermines his claim of a causal link.

Because Mr. Settles failed to establish a *prima facie* case of disparate treatment, disparate impact, or retaliation, we affirm the judgment of the district court.

AFFIRMED.